## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
|    MANUEL ESTACIO ) | Case No. 12-17695 |
|    OLIVIA ESTACIO ) | |
| ) | HON. JACK B. SCHMETTERER |
| Debtors. ) | |
| ) | |
| MANUEL ESTACIO ) | |
| OLIVIA ESTACIO ) | |
| ) | ADVERSARY NO.:12-00913 |
| Plaintiffs ) | |
|      v. ) | |
| ) | |
| GMAC MORTGAGE, LLC, a ) | |
| subsidiary of Ally Financial, Inc. ) | |
| ) | |
| Defendant ) | |

## ~~Proposed~~ Findings of Fact and Conclusions of Law

Pursuant to an Order of Default and because the allegations in the Complaint have been taken as confessed against Defendant GMAC MORTGAGE, LLC, the following findings of fact and conclusions of law are made and will be entered:

    1.    Plaintiffs Manuel and Olivia Estacio are individuals residing at 4334 Blanchan Ave., Brookfield, IL 60513.

    2.    GMAC MORTGAGE, LLC is a lender and servicer of mortgages.

    3.    This Adversary Proceeding arises under Sections 502 and 506 of the United States Bankruptcy Code.

    4.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§151,157 and 1334 and this is a core proceeding under 28 U.S.C. §157.

    5.    Plaintiffs are the owners of real estate located at 4334 Blanchan Ave., Brookfield, IL 60513 with a property index number of 18-03-300-032-0000.

6. The fair market value of the real estate is approximately $195,000.00 pursuant to Comparative Market Analysis marked Exhibit A to the original Adversary Complaint.

7. A first mortgage lien is currently held by CitiMortgage in the approximate amount of $229,413.60 as evidenced by a Proof of Claim filed in this case on July 17, 2012 marked as Claim #10 on this Court's docket.

8. Defendant GMAC MORTGAGE LLC holds a junior mortgage of approximately $86,851.35, as evidenced by a recent mortgage statement attached to the original Adversary Complaint, as Exhibit D.

9. Under 11 U.S.C. §§506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The amount owed on the first mortgage exceeds the value of the real estate.

11. Due to the junior mortgage lien held by Defendant being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. *In re Waters*, 276 B.R. 879 (Bankr. N.D. Ill. 2002).

12. Pursuant to 11 U.S.C. §1325(a)(5) the second mortgage of GMAC MORTGAGE, LLC, shall be stripped off and shall be null and void upon Plaintiffs obtaining a discharge under 11 U.S.C. §1328.

By the Court

Judge Jack B. Schmetterer

8/23/12

AUG 2 3 2012